UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | |
| v. : | File No. 1:09-cr-64-jgm-2 |
| : | |
| JEREMY D. ZULLO, : | |
| Defendant. : | |
| _____ : | |

RULING ON MOTION TO DISMISS
(Doc. 1160)

I.    Introduction

Defendant Jeremy Zullo moves to set aside his convictions and dismiss the indictment against him. (Doc. 1160.) Zullo contends Counts 1, 16 and 27 of the Second Superseding Indictment fail to state an offense and his trial counsel was ineffective. Id. at 2. The government responds that the indictment, as written, is sufficient and the attack on trial counsel is untimely. (Doc. 1165 at 5.) Zullo filed a timely reply. (Doc. 1170.) For the reasons stated below, the motion to dismiss the indictment is denied.

II.    Background

Zullo was arrested June 16, 2009 pursuant to a warrant stemming from his sale of cocaine to an undercover agent in April. He was eventually charged in a January 13, 2010 Second Superseding Indictment including fifteen co-defendants with conspiring to distribute marijuana and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count 1), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 16), and money laundering, in violation of 18 U.S.C. §§ 2, 1957 (Count 27). (Doc. 163.)

On April 21, 2010, Zullo signed a plea agreement, filed April 29 (Doc. 308), and on May 26, 2010, he entered guilty pleas to each charge. See Dkt. Entry No. 320 (May 26, 2010); Plea Hr'g Tr., May 26, 2010 (Doc. 623). During the plea hearing, the Court advised Zullo of the five-year consecutive mandatory minimum term of imprisonment under 18 U.S.C. § 924(c) and also confirmed Zullo was pleading to a fifteen-year mandatory minimum. Plea Hr'g Tr. 11-12. The parties also discussed the then-current Second Circuit law holding the mandatory consecutive minimum for possession of a firearm in furtherance of drug trafficking crime did not apply to a defendant who was also subject to a higher mandatory minimum for a drug trafficking offense and that the issue was before the Supreme Court. Id. at 12-13. See also United States v. Williams, 558 F.3d 166, 169, 176 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150, 151 (2d Cir. 2008).

On October 19, 2010, Zullo was sentenced to a term of imprisonment of 126 months on Count 1, 60 months on Count 16, and 120 months on Count 27, each count to be served concurrently pursuant to United States v. Williams, 558 F.3d 166 (2d Cir. 2009) and United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). (Doc. 486 (Judgment).) The government argued the five-year mandatory minimum firearms offense term of imprisonment should be imposed consecutively. The Court held Williams and Whitley required a concurrent as opposed to consecutive sentence and sentenced Zullo accordingly. Id.; see also Sentencing Hr'g Tr. 16, Oct. 19, 2010 (Doc. 528). The government appealed. (Doc. 519.)

On November 15, 2010, the Supreme Court issued an opinion that abrogated Williams and Whitley, holding a defendant is exempt from the mandatory minimum under 18 U.S.C. § 924(c)(1)(A) only if he is subject to a longer mandatory minimum for conduct violating § 924(c). Abbott v. United States, 131 S. Ct. 18, 23 (2010).

On December 22, 2011, the Second Circuit vacated Zullo's sentence and remanded the case to this Court for resentencing because, under Abbott, this Court erred in declining to impose a consecutive mandatory minimum. (Doc. 1016 at 2 (Mandate).) In December 2012, Zullo moved for leave to proceed pro se with standby counsel. (Docs. 1122, 1128.) After a hearing, the Court granted the second motion and granted Zullo thirty days to file any additional motions. Dkt. Entry No. 1141 (Jan. 28, 2013). This pro se motion to dismiss the indictment followed on February 25, 2013.

III. Discussion

At the outset, the Court notes, because Zullo is a pro se litigant, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hugues v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted). Accordingly, a court must "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). Nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only track the language of the statute charged and state the time and place of the alleged crime. United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation omitted). An indictment is sufficient if it contains the elements and fairly informs the defendant of the offense charged and enables the defendant to plead double jeopardy in future prosecutions for the same offense. United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

Under Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."

3

Fed. R. Crim. P. 12(b)(2).  The Second Circuit has defined the "general issue" as "whether the defendant is guilty of the offense charged."  United States v. Doe, 63 F.3d 121, 125 (2d Cir. 1995). Generally, a motion to dismiss must be made before trial, however, at any time a case is pending, a court may hear a claim the indictment fails to invoke the court's jurisdiction or to state an offense. Fed. R. Civ. P. 12(b)(3).  Motions to dismiss indictments are disfavored.  See, e.g., United States v. De La Pava, 268 F.3d 157 (2d Cir. 2001) (dismissal of an indictment is an "extraordinary remedy" reserved for extremely limited circumstances implicating fundamental rights).

Zullo moves to dismiss Count 1 of the Second Superseding Indictment on the ground that it fails to state an offense.  (Doc. 1160 at 10-13.)  Count 1 charges conspiracy to distribute marijuana and cocaine between approximately early 2006 and June 16, 2009, in the District of Vermont and elsewhere.  (Doc. 163.)  Zullo argues the count is infirm because it fails to allege an unlawful agreement and that he knowingly became a member of the conspiracy.  Id.  He further argues the inclusion of the term "elsewhere" renders his prosecution in Vermont infirm because prosecution must occur in the district in which the crime was allegedly committed.  Id. at 13.

It is settled that where an indictment charges a conspiracy, it need not expressly allege intent because the intent must necessarily be implied.  Frohwerk v. United States, 249 U.S. 204, 209 (1919); Schnautz v. United States, 263 F.2d 525, 529 (5th Cir. 1959) (holding, in a case charging conspiracy to sell marijuana, "[t]he charge of conspiracy to violate a criminal law has implicit in it the elements of knowledge and intent").  Whether evidence at a trial would prove a conspiracy, including if a defendant knowingly entered the conspiracy, is a question for a jury.  See, e.g., United States v. Medina, 944 F.2d 60, 64 (2d Cir. 1991).  Here, Zullo chose to plead guilty to the charge of conspiracy and the government was not held to its burden of proving the conspiracy and Zullo's knowing participation.  The indictment sufficiently charges Zullo with conspiracy in Count 1.

Zullo moves to dismiss Count 16 of the Second Superseding Indictment on the grounds that it rests on Count 1, so if Count 1 fails so too does Count 16, and that the conduct charged is outside the scope of § 924(c). (Doc. 1160 at 6-7.) He argues the "uncontested facts" demonstrate that, though a gun was present when he was arrested, because no criminal activity was occurring, the "mere presence" of the gun is not within the scope of § 924(c) which requires possession of a gun "in furtherance" of a drug trafficking crime. Because Count 1 sufficiently charges conspiracy, Zullo's first argument fails. The second argument is outside the scope of a motion to dismiss. Count 16 sufficiently tracks the language of the statute and Zullo's factual argument is not properly raised in a motion to dismiss because it pertains to the "general issue," i.e., whether Zullo is guilty of the charged offense.

Zullo moves to dismiss Count 27 of the Second Superseding Indictment on the grounds that it rests on Count 1 and that conspiracy is not a sufficient specified unlawful activity. (Doc. 1160 at 8.) Again, because Count 1 sufficiently charges conspiracy, Zullo's first argument fails. The second argument fails because Count 27 also lists distribution of controlled substances as a specified unlawful activity and that is a specified unlawful activity sufficient to state a claim under 18 U.S.C. § 1957. See 18 U.S.C. §§ 1957(f)(3), 1956(c)(7), 1961(1)(D).

Lastly, Zullo raises ineffective assistance of his counsel which resulted in his signing the plea agreement. (Doc. 1160 at 2-6.) Generally, the preferred avenue for bringing claims of ineffective assistance of counsel is by collateral attack under 28 U.S.C. § 2255. The Second Circuit, however, has recently held, as a matter of first impression, "that when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." United States v. Brown, 623 F.3d 104, 113 (2d Cir. 2010). The "proper procedural avenue for defendants who wish to raise

ineffective assistance claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33." Id. n.5. The Brown Court noted "district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment." Id. at 113.

Here, the remand to this Court is solely for resentencing because, under Abbott, this Court erred in declining to impose a consecutive mandatory minimum sentence. (Doc. 1016 at 2.) Further, recasting Zullo's pro se motion as a motion for new trial under Rule 33 presents another hurdle as such a motion must be brought within fourteen days of the verdict or finding of guilt, unless the court finds the late filing was the product of "excusable neglect." See Fed. R. Civ. P. 33(b)(2), 45(b)(1)(B). Lastly, considering the ineffective assistance claim at this point may have preclusive effect on any attempt by Zullo to raise the same claims in a future motion under 28 U.S.C. § 2255. In this case, the Court declines to consider Zullo's ineffective assistance of counsel claims at this time. The "excusable neglect" standard does not appear to be met where over two years have passed since Zullo was originally sentenced following his acceptance of a plea offer and entry of guilty plea. While this case is technically between conviction and sentencing, it is here on remand from an appeal resulting in a much different procedural posture than the Brown case. The Court, in its discretion, does not consider the claim at this point in the proceeding.

IV.   Conclusion

For the above reasons, Defendant's motion to dismiss the indictment (Doc. 1160) is DENIED. The Court will schedule a sentencing hearing and advise the parties shortly.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

6