UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:09-cr-64-jgm-02 |
| | : | |
| JEREMY D. ZULLO | : | |
| _____ | : | |

RULING ON MOTION FOR BAIL RELEASE
PENDING RESOLUTION OF § 2255 MOTION
(Doc. 1269)

Defendant Jeremy Zullo has filed a pro se motion[1] for bail release pending resolution of his motion under 28 U.S.C. § 2255.  (Doc. 1269.)  The government opposes the motion.  (Doc. 1275.)  Zullo filed a reply.  (Doc. 1279.)

Zullo argues Rule 23(c) of the Federal Rules of Appellate Procedure authorizes the Court to release him on personal recognizance bail pending resolution of his § 2255 motion.  (Doc. 1279 at 2.)  Specifically, Rule 23(c) governs release of a prisoner while a decision ordering the release of the prisoner is under review.  Fed. R. App. P. 23(c).  Zullo's § 2255 motion has not yet been successful:  there is no decision ordering his release.  Indeed, as a case cited by Zullo states, "a petition for a writ of habeas corpus raises no automatic invalidity of the judgment attacked.  Thus, ordinarily such a petitioner remains subject to incarceration."  Rado v. Meachum, 699 F. Supp. 25, 27 (D. Conn. 1988).

The Court, however, has the inherent power to grant release on bail to a habeas petitioner properly contesting the legality of his custody.  Ostrer v. United States, 584 F.2d 594, 597 n.1 (2d Cir. 1978).  For the Court to exercise that power, Zullo must, in his motion for bail release, show a "demonstrated likelihood" his petition will prevail, or demonstrated merits in his favor such

_____

[1] As the Court has noted, because Zullo is a pro se litigant, the Court will read his papers "liberally and interpret them to raise the strongest arguments that they suggest."  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted).

that his success "can be predicted with confidence." Harris v. United States, No. 97 Civ. 1904, 1997 WL 272398, *1 (S.D.N.Y. 1997) (quoting Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y. 1990)).  While Zullo has filed a thorough memorandum in support of his motion, the Court finds the circumstances of his case are not sufficiently exceptional to warrant the Court to exert its inherent power to grant him release at this time.

Defendant's motion for bail release pending resolution of § 2255 motion (Doc. 1269) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 13th day of May, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge