UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:09-CR-00064-jgm-2 |
| | : | |
| JEREMY D. ZULLO | : | |
| _____ | : | |

RULING ADOPTING REPORT AND RECOMMENDATION
(Doc. 1299)

Defendant Jeremy D. Zullo, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 1240). The Magistrate Judge's Report and Recommendation was filed July 31, 2015. (Doc. 1299.) Zullo timely filed an objection. (Doc. 1300.) Zullo further requests an evidentiary hearing and appointed counsel. Id. at 7. The filing of the objection requires the Court conduct a de novo determination of the portions of the report or specified proposed findings or recommendations to which objection has been made. 28 U.S.C. § 636(b)(1). Upon de novo review, and due consideration of Zullo's objections, the Court affirms, approves, and adopts the Report and Recommendation. See id. The Court also denies Zullo's request for an evidentiary hearing and counsel.

Zullo purports to raise ten objections to findings made in the thorough Report and Recommendation. See Doc. 1300 at 1-2. The bulk of his filing, however, focuses on the issue of the "ambiguous" state of the law regarding his sentencing exposure. Id. at 3-7. This ground has been well-covered by Zullo and the Court. See Doc. 1189. In short, at the time Zullo pled guilty and was originally sentenced, Second Circuit law provided the mandatory consecutive minimum for possession of a firearm in furtherance of a drug trafficking crime did not apply to a defendant who was also subject to a higher mandatory minimum for a drug trafficking offense. United States v. Williams, 558 F.3d 166, 169, 176 (2d Cir. 2009); United States v. Whitley, 529 F.3d 150, 151 (2d Cir. 2008). This issue was before the Supreme Court at the time, and its decision in Abbott v. United

States, 562 U.S. 8 (2010), abrogated Williams and Whitley, leaving a defendant such as Zullo subject to consecutive mandatory minimums.  Accordingly, the Court informed Zullo at his plea hearing that he was pleading to a fifteen-year mandatory minimum and there was extensive discussion of the "then-current" state of Second Circuit law and the pendency of Abbott.  (Doc. 623 at 11-13.)

The Court does not credit Zullo's current claims that his attorney "never discussed or explained to him the potential effect of Abbott," or that he did not understand his sentencing exposure.[1]  See Doc. 1300 at 5.  Nonetheless, to succeed on an ineffective assistance of counsel claim based on the argument that counsel misled him as to the possible sentence which could result from a plea of guilty, "the issue is whether the defendant was aware of actual sentencing possibilities."  United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).  As the Court informed Zullo prior to his plea that he was pleading to a fifteen-year mandatory minimum, Zullo was clearly aware of the possibility of a fifteen-year sentence.[2]

Zullo's requests for an evidentiary hearing and appointment of counsel are denied.  In light of the Court's adoption of the Report and Recommendation, no hearing or additional counsel is required.

The Magistrate Judge's Report and Recommendation (Doc. 1299) is AFFIRMED, APPROVED, and ADOPTED.  Zullo's motion to vacate, set aside, or correct his sentence under

---

[1] Zullo notes the "Report failed to weigh in on Zullo's age and education deficiency in determining whether his pleas were entered knowingly, intelligently and voluntarily."  (Doc. 1300 at 2.)  In the Court's experience with Zullo as a pro se party, it has observed him to be a zealous and articulate advocate notwithstanding his age and purported "education deficiency."

[2] Accordingly, the second prong of the test is inapplicable.  See Arteca, 411 at 320 (if defendant was unaware, "whether accurate information would have made any difference in his decision to enter a plea").

28 U.S.C. § 2255 (Doc. 1240) is DENIED.  Further, his requests that an evidentiary hearing be scheduled and counsel be appointed (Doc. 1300) are also DENIED.

 SO ORDERED.

 Dated at Brattleboro, in the District of Vermont, this 29th day of October, 2015.

        /s/ J. Garvan Murtha
        Honorable J. Garvan Murtha
        United States District Judge