U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2019 SEP 23  PM 3: 22

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cr-64-02 |
| | ) | |
| JEREMY D. ZULLO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS TO MODIFY AND MOTION TO FILE AMICUS CURIAE**
**(Docs. 1442, 1444, 1447)**

Jeremy Zullo ("Zullo") was indicted in 2009 on multiple charges of drug conspiracy and distribution of cocaine and marijuana. (Doc. 87.) In 2010, the Government added a charge of possession of a firearm in furtherance of a drug trafficking crime in a second superseding indictment. (*See* Doc. 163.) The second superseding indictment also added an allegation that the conspiracy offense involved 5 kilograms or more of cocaine.

On May 26, 2010, Zullo pled guilty to the conspiracy count as well as the possession of a firearm and a money laundering offense. The conspiracy charge carried a mandatory minimum of ten years. The firearms charge carried a mandatory minimum of five years. On October 19, 2010 at sentencing, the court calculated a guideline range of 97-121 months. The court granted the government's motion for an upward departure and imposed a total sentence of 126 months on the three counts. (*See* Doc. 486.)

In reaching this sentence, the court followed *United States v. Williams*, in ordering the five-year mandatory minimum sentence imposed pursuant to 18 U.S.C. § 924(c) (possession of firearm) to run concurrently with the 10-year mandatory minimum for the 21 U.S.C. § 846 count (conspiracy). *See* 558 F.3d 166, 172 (2d Cir. 2009). The government filed a notice of appeal. On November 15, 2010, the U.S. Supreme Court issued its decision in *Abbott v. United States*,

562 U.S. 8 (2010).  The decision effectively overruled *Williams.*  The circuit remanded the case for resentencing, and the trial judge imposed the 15-year mandatory minimum sentence.

Zullo has vigorously contested his sentence on direct appeal and through § 2255.  It has been upheld.  He now moves to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that "extraordinary and compelling reasons warrant such a reduction."  (Doc. 1442 at 19; Doc. 1444 at 9.)[1]

Compassionate release has long been a feature of federal sentencing law.  It was introduced in 1984 as part of the Comprehensive Crime Control Act of 1984.  *See* Pub.L. No. 98–473, Tit. II, 98 Stat. 1873 (Oct. 12, 1984).  As originally enacted, 18 U.S.C. § 3582(c)(1)(A)(i) permitted sentence modification upon a showing of extraordinary and compelling reasons.  Modification required a motion by the Bureau of Prisons ("BOP").  These were rarely filed.  *See Morales v. United States*, 353 F. Supp. 2d 204 (D. Mass. 2005) (BOP declined to file for compassionate release despite terminal illness, including need for a heart transplant).  In response, the First Step Act of 2018 removes the requirement that BOP file the motion.  A defendant is permitted to file a motion for compassionate release after he requests that BOP file a motion on his behalf.  The parties agree that Zullo has properly exhausted his administrative remedies.

Zullo seeks modification of his sentence on several grounds:

- The sentencing judge stated on the record at the original sentencing that 10 years was too long for a first-time offender and on resentencing that 15 years was also too long.

---

[1] The court notes that Zullo captioned his July 31st request as a motion to amend his motion for compassionate release from July 25th (*see* Doc. 1444).  The court has read and considered Zullo's motion to amend.  In light of the substance of the filing, the court treats the motion as additional consideration submitted for Zullo's request for compassionate release.  (*See* Doc. 1444 ("This [motion] constitutes another extraordinary and compelling reason for the Courts [sic] consideration that warrants a reduction in sentence under § 3582(c)(1)(A)(i).").)  The motion to amend is DENIED.

- In prison, Zullo has made extraordinary efforts to rehabilitate himself.  The BOP has recognized these efforts by confining him in minimum security settings for most of his time in prison and by permitting him to take part in a work release program at a neighboring military base.
- Zullo has maintained close family relationships, including a relationship with his young daughter born shortly after he was imprisoned.
- Zullo was 17 years old at the time of the offense conduct, 20 years old at indictment, and 22 at the time of sentencing.  He had no prior criminal record.
- The government breached the parties' plea agreement by appealing the first sentence.

(Doc. 1442 at 18-23; Doc. 1444 at 4-5.)  In response, the government argues that the 15-year sentence was driven by mandatory minimum sentencing provisions and represents the lowest sentence Congress contemplated for these offenses.  (*See* Doc. 1445 at 13.)  The government directs the court to the criteria established for compassionate release by the Sentencing Commission as well as more recent statements issued by the BOP.  *See* USSG § 1B1.13; Program Statement 5050.50, available at https://www.bop.gov/policy/progstat/5050 050 EN.pdf.

Both the Guidelines and the BOP policy largely confine compassionate relief to cases of serious illness or impairment, advanced age, or a need to care for a child, spouse or registered partner.  *See United States v. Traynor*, No. 04-CR-0582, 2009 WL 368927, at *1 n.2 (E.D.N.Y. Feb. 13, 2009).  In developing its guidelines, the Commission was not permitted to designate rehabilitation alone as a basis for compassionate release.  *See United States v. Carpenter*, 320 F.3d 334, 343 (2d Cir. 2003) ("The Sentencing Commission is directed by statute that '[r]ehabilitation ... alone' is not an 'extraordinary and compelling' reason for reducing the term of imprisonment for a defendant already serving his or her sentence.") (citing 28 U.S.C. § 994(t)).

Neither party speaks directly to the reason for Zullo's long sentence.  In examining Zullo's prior claim of ineffective assistance of counsel, Magistrate Judge John M. Conroy ordered defense attorney Ian Carleton to provide an affidavit.  This affidavit describes the plea

negotiations.  As a condition of avoiding the two mandatory minimum charges, the government required Zullo to cooperate.  Mr. Zullo was unwilling to do so as a matter of personal honor. (*See* Doc. 125 ¶ 4.)  As a consequence, the sentencing court lost control over the minimum length of the sentence.  As sometimes happens in the case of mandatory minimum provisions, the charging decisions by the government dictated the sentence.

Zullo's claim that his sentence was too long is understandable.  The trial judge saw it the same way at two separate sentencing hearings.  The Guidelines calculation of 97-121 months were also below the 180-month sentence.  The issue before the court now, however, is not what sentence to impose.  It is whether the sentence may be modified under compassionate release standards.

None of the principal criteria of poor health, family care needs, or old age apply to Zullo. His strongest argument concerns rehabilitation which in his case has been very successful—at least so far as one can tell on a paper record.  But rehabilitation is specifically excluded as an independent basis for compassionate release.  That leaves only his misgivings about the circumstances of his conviction and sentencing which have been repeatedly upheld on direct appeal and collateral review.

The court rejects Zullo's argument that the amendment of 18 U.S.C. § 3852(c)(1)(A) removing the requirement of a BOP motion also removed the substantive effect of USSG § 1B1.13.  Obviously the BOP remains free to file the motion if the agency sees fit.  The standards for considering the motion remain helpful as guidance to courts which hear these motions without the BOP as an intermediary.

The court recognizes that poor health, old age, and the loss of caregivers within the family circle are not the only bases for finding extraordinary and compelling circumstances.  *See*

4

§ 1B1.13 Application Note 1(D) ("As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."). These criteria are the clearest examples of extraordinary circumstances available. They are all circumstances which develop independent of the conviction and original sentence. The court denies defendant's motion because his primary complaint that his sentence was too long in the first place cannot qualify as an extraordinary and compelling circumstance.

In denying the motion, the court offers no judgment that the sentence was just and appropriate. It was too long for reasons better expressed at the time by Judge Murtha. The reasons offered in support of the motion, especially Zullo's efforts to improve and rehabilitate himself, would most fairly be raised in a request for executive clemency. The court rejects them here because they are inconsistent with the legal standard for extraordinary and compelling circumstances developed by the Sentencing Commission.

The court also addresses the pending motion for leave to file an amicus brief by Maria Houston. (*See* Doc. 1447.) Houston seeks leave to "present data indicating [Zullo] is a lower recidivism risk than the government alleges[,] to identify social issues present in criminal justice reform[, and] to provide a distinctive summary of factors relevant to this case." (*Id.*) The information described in Houston's request does not relate to the criteria set in evaluating extraordinary and compelling circumstances and would not alter this court's ruling on Zullo's motion. Therefore, the court denies the motion.

## **CONCLUSION**

The motion to modify the sentence (Doc. 1442) and to file an amicus brief (Doc. 1447)

are DENIED.  The motion to amend (Doc. 1444) is DENIED.

Dated at Rutland, in the District of Vermont, this 23rd day of September, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court