March 22, 2020

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 MAR 26 AM 10: 23

Honorable Geoffrey W. Crawford
United States District Court
District of Vermont
11 Elmwood Avenue, Room 240
Burlington, VT 05401

CLERK

BY ___lAw___
DEPUTY CLERK

Re: UNITED STATES v. ZULLO, Case No. 2:09-cr-64-2 (GWC)

**EMERGENCY LETTER MOTION REQUESTING SENTENCE MODIFICATION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Judge Crawford:

I send you this emergency letter motion requesting that the remainder of my sentence be modified to be served on home confinement based on extraordinary and compelling reasons. The extraordinary and compelling reason warranting a sentence modification is the outbreak of the deadly Coronavirus also known as COVID-19 which has been declared a global pandemic and a national emergency by President Trump.

The reason that the relief requested is emergent in nature is because I am especially vulnerable to COVID-19 based on a pre-existing medical condition. Since age fourteen I have suffered from the chronic and debilitating condition Ulcerative Colitis which is considered to be an autoimmune disorder, meaning I have a compromised immune system putting me at a much greater risk of being infected with COVID-19. See attached medical records, Exhibit A. This pre-existing medical condition is documented in my Pre-Sentence Report. See PSR at ¶ 87.

I am currently housed at FCI Berlin minimum security satellite camp. FCI Berlin staff have taken absolutely no precautionary measures to protect the inmate population at the camp from the deadly COVID-19. While the medium security facility has been placed on modified operations, nothing has changed where I am housed at the camp. We have still been directed to report to our assigned work details and forced to interact with staff members who display symptoms of COVID-19. In fact, FCI Berlin staff are not in the least bit prepared for this pandemic and treat it as a big joke insisting that it is being over-exaggerated.

The camp is an open dormitory housing unit which currently houses approximately 50 minimum security inmates. This open dormitory style housing unit makes it virtually impossible for me to isolate myself from the rest of the camp population, as we must share the same restrooms, showers, living quarters and common areas. Often times we are without adequate sanitation chemicals, handsoap and other sanitation/cleaning supplies.

If these do not constitute extraordinary and compelling reasons warranting a reduction and/or modification in sentence, then I do not know what does. Recently, a § 3582(c)(1)(A)(i) motion was granted in the United States district Court for the District of Massachusetts recognizing that the outbreak of the deadly COVID-19 virus along with the defendant's medical condition constituted extraordinary and compelling reasons. See United States v. Huneeus, Case No. 19-CR-10117 (D. Mass., 2020). In Huneeus, the defendant bypassed filing his initial request with the Warden and because the government did not oppose, the court granted the relief requested.

Since your denial of my previous motion for compassionate release, the majority of federal district courts around the country have come to the consensus that they do in fact have the authority to reduce or modify sentences under 18 U.S.C. § 3582(c)(1)(A)(i) and are no longer bound by pre-First Step Act policy statement issued by the Sentencing Commission. See United States v. Rivernider, 2019 U.S. Dist. LEXIS 137134, at *4-5 (D. Conn. Aug 14, 2019) ("the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change." citing United States v. Fox, 2019 U.S. Dist. LEXIS 115388, at *5 (D. Me. July 11, 2019) (collecting cases). Accord United States v. Wong Chi Fai, 2019 U.S. Dist. LEXIS 126774, at *6 (E.D.N.Y. July 30, 2019). See also United States v. Beck, 2019 U.S. Dist. LEXIS 108542 at *6, 9 (M.D.N.C. June 28, 2019); United States v. Cantu, U.S. Dist. LEXIS 100923 at *4-5 (S.D. Tex. June 17, 2019); United States v. Bucci, 2019 U.S. Dist. LEXIS 178308, at *3 (D. Mass. Sep. 16, 2019); United States v. Brown, 2019 U.S. Dist. LEXIS 175424, at *5 fn. 1 (S.D. Iowa Oct. 8, 2019); United States v. Rodriguez, 2019 U.S. Dist. LEXIS 204440, at *18 (N.D. Cal. Nov. 25, 2019); Xiong Lo v. United States, 2019 U.S. Dist. LEXIS 189817, at *7 (W.D. Wis. Oct. 30, 2019); United States v. Walker, U.S. Dist. LEXIS 180084, at *3 (N.D. Ohio Oct. 17, 2019); United States v. Maumau, 2:08-cr-00758-TC-11, 2020 U.S. Dist. LEXIS 28392 (D. Utah Feb. 18, 2020).

On March 19, 2020, I submitted a request for Reduction in Sentence/Compassionate Release to the Warden of FCI Berlin. See attached Request for RIS/Compassionate Release, Exhibit B.

Although I have not yet received a denial from the Warden, I am requesting that the Court grant the requested relief immediately due to the emergent nature of this filing as the court did in Huneeus. If the government is opposed to this, then it could easily be resolved at a later date by the government appealing the decision. I have already demonstrated in my previous compassionate release filing that I have been rehabilitated and that I am not a danger to any person or to the community, meaning I do in fact meet all of the criteria for compassionate release should you determine that the outbreak of the deadly COVID-19 along with my pre-existing autoimmune disorder constitutes extraordinary and compelling reasons warranting a reduction and/or modification of my sentence. Should you not grant the relief requested based on the lack of a denial from the Warden before filing in the Court, I will resubmit once the Warden denies my request, however, I worry that by then it will be too late.

Please, Your Honor, I am begging you to modify the remainder of my sentence to be served on home confinement where I can isolate myself and minimize my exposure to the deadly COVID-19. I was sentenced to a 15-year term of imprisonment, not a death sentence. I have served approximately 72% of my 15-year sentence, I do not want to die in prison. As I know you are aware of the severity of the COVID-19 outbreak, this could be a matter of life or death.

Based on the foregoing, I respectfully request that you grant the emergency relief requested in this letter motion and modify the remainder of my sentence to be served on home confinement.

Dated the 22nd day of March, 2020.

Sincerely,

*Jeremy Zullo*

JEREMY D. ZULLO, pro se
Reg. No. 06087-082
Federal Prison Camp Berlin
G Unit
P.O. Box 9000
Berlin, NH 03570