UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 DEC 21  PM 3:48

CLERK

BY _____/s/_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cases No. 1:09-cr-64-2 |
| ) | |
| JEREMY D. ZULLO ) | |

**ORDER ON MOTION TO MODIFY SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)
(Doc. 1442)**

On August 12, 2009, Jeremy Zullo and nine others were indicted on multiple counts relating to drug trafficking and firearms offenses. (Doc. 87.) On May 26, 2010, Mr. Zullo pled guilty to three counts: conspiracy to distribute cocaine and marijuana, money laundering, and possession of a firearm while engaged in drug trafficking. On October 19, 2010, Judge Murtha sentenced Mr. Zullo to 126 months as follows: 126 months on the drug conspiracy charge; 120 months on the money laundering charge; and 60 months on the firearms charge. Each sentence was to be served concurrently for a total of 126 months. (Doc. 486). The sentence on the conspiracy charge included a six-month upward departure under Guideline section 5K 2.6 for the possession of firearms in the course of the offense. Sentencing Tr. at 16 (Doc. 528).

The Government took an appeal from the imposition of a concurrent sentence on the firearms charge. (Doc. 519.) The issue on appeal was whether the sentencing judge erred in imposing a consecutive sentence on the firearms offense. While the appeal was pending, the Supreme Court issued its decision in *Abbott v. United States*, 559 U.S. 903 (2010), holding that the five year mandatory minimum sentence required by 18 U.S.C. § 924(c)(1)(A) must run consecutive to the sentence imposed on any other count. The Second Circuit remanded the case for resentencing. (Doc. 1016.)

On resentencing, Judge Murtha imposed a sentence of 120 months on the conspiracy charge and on the money laundering charge, concurrent with one another, followed by a 60 month sentence, consecutive, on the firearm offense. The total sentence was 180 months.

Mr. Zullo filed a direct appeal and a motion pursuant to 28 U.S.C. § 2255 on grounds not relevant here. Neither was successful. (Doc. 1245, 1351.) A motion filed pursuant to Fed. R. Crim. P. 60(b) concerning a claim of ineffective assistance of counsel met a similar fate. (Doc. 1420, 1425.)

1

In July 2019, Jeremy Zullo filed a motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 1442.) His motion describes the history of his case and seeks compassionate release on the basis of the unfairness of his resentencing. As additional bases for his motion, Mr. Zullo described his rehabilitation through education programs offered by the Bureau of Prisons and the trust he earned in working in the community as part of the Fort Devens U.S. Army Community/Inmate Labor Program. He described his strong family ties with his daughter, now in elementary school. He pointed to his age at the time he entered into the drug conspiracy (17) and at indictment (20).

The court denied the motion on the ground that the principal criteria for compassionate release – poor health, family care needs, or old age – do not apply. 18 U.S.C. § 994(t) expressly excludes rehabilitation as the sole basis for release. And the court believed that Mr. Zullo's "misgivings about the circumstances of his conviction and sentencing which have been repeatedly upheld on direct appeal and collateral review" were not factors the court could consider in the context of compassionate release. (Doc. 1450 at 5). In this view, the court was mistaken. Mr. Zullo successfully appealed the ruling. In an opinion which issued on September 25, 2020, the Second Circuit held that "Mr. Zullo's age at the time of his crime and the sentencing court's statements about the injustice of his lengthy sentence might perhaps weigh in favor of a sentence reduction." (Doc. 1520-1 at 19.)

With the onset of the COVID-19 emergency, Mr. Zullo filed a second compassionate release motion addressing separate concerns about the health risk he faces as a prisoner. (Doc. 1467.) The court denied that motion on the ground that Mr. Zullo did not present evidence of a condition which elevated his susceptibility to a grave course of the disease and that the information available about the prison where he is confined (FCI Berlin) showed a relatively low rate of infection. (Doc. 1472.) Mr. Zullo supplemented the record in his pending appeal with the second court order. (Doc. 1473.)

The mandate returning the case to the district court issued on December 16, 2020. The court requested that the parties file any supplemental memoranda not later than December 23, 2020.

## ANALYSIS

The court starts by considering the factors which *follow* defendant's sentencing relevant to the compassionate release issue.

### I. Rehabilitation

Defendant entered the custody of the Bureau of Prisons following sentencing at age 22. He has served a total of ten years, two months, plus a short period of pre-trial detention. During his incarceration, his conduct has been good. His prison record shows the completion of approximately 40

2

courses and minimal disciplinary proceedings. He completed residential drug treatment in 2011. (Doc. 1442-17; 1446-1.)

## II.     Risk of recidivism

Defendant's maturity – he is now 32 – and the evidence of rehabilitation greatly reduce the risk of recidivism.

Defendant has completed more than 50 percent of his sentence.

Defendant's family in Rutland remains willing to house him upon receipt.

## III.    Risk of COVID infection

Although the infection rate at FCI Berlin remains low, COVID is present in the facility. The current information posted on the BOP website shows positive test results for two inmates and three staff members. Mr. Zullo suffers from ulcerative colitis, a chronic inflammatory bowel condition. There is little evidence that patients suffering from colitis have an increased infection or adverse course of COVID disease.

## IV.     Section 3553 factors

The court begins with the circumstances of defendant's conviction and sentencing. Mr. Zullo was part of an armed gang which sold drugs in Rutland, Vermont for three years. The group's conduct led to the indictment of 10 defendants. Mr. Zullo's sentence was driven by the ten year mandatory minimum required for the drug conspiracy sentence and, following resentencing, by the five year mandatory consecutive sentence for the firearm offense.

In considering whether granting compassionate release is consistent with the original purpose of the sentence, the court pays close attention to the statements of the sentencing judge. At the original sentencing, Judge Murtha had this to say:

> You know, a sentence like this it's difficult for me to sentence somebody like you to 10 years in prison frankly. You know, I look back at the number of people I've sentenced to 10 years or more. Most of them have been pretty experienced criminals with a lot of past criminal behavior. So you are a little bit unique in that sense. So I'm not going to give you much more than the 120 months because I don't, because I frankly think 120 months is enough. But, as I said, I think that the fact that you were involved with so many guns warrants some increase. And it's not going to be much of an increase. And for that reason I'm not going to grant the motion for extraordinary rehabilitation because, frankly, to go up a few months and come down a few months doesn't

3

> make much sense. But I applaud you for what you did, which is to get away from it all and try and straighten yourself out. …
>
> And I am considering in the entire sentence the factors under 3553A, that is, the seriousness of the offense, which it was, balanced against his personal characteristics, which are at this point at least seem to be appropriate. That is, he's not using drugs, he's not selling drugs obviously. He has been employed. And he's young. And as I recall he doesn't have any criminal history. So this sentence is, as I have said, severe considering all those factors and is sufficient considering the factors under 3553A.

Sentencing Tr. at 23-24 (Doc. 528).

On resentencing, Judge Murtha addressed the length of the sentence, now 180 months:

> [W]hen we first had our sentencing, I frankly was, um, thought that the 180 months was excessive. And, frankly, I still do, but I'm bound by what the statutes say which, as you know, is, at least on the 120 months, is mandatory. And now the Supreme Court has said the 924(c) is – has to be consecutive. So I have no discretion.
>
> I think, frankly, as I believe other judges do, that these mandatory minimums are not necessary; that judges should have the discretion to impose a sentence without dealing with mandatory minimums. But, presently, we don't. … So, in your case, I have no discretion but to impose the 180 months, which I will do. And, hopefully, unless you're successful on your appeal, after you've served the long sentence, I consider it a long sentence, you will come out and be a successful member of society.

Sentencing Tr. at 5-6 (Doc. 1346).

In sentencing Mr. Zullo for a term of 126 months – 6 months in excess of the mandatory minimum charge for the drug conspiracy charge –Judge Murtha determined that the sentence, although in his view severe, was justified by the exercise of judicial discretion. Had he believed that the 3553 factors supported a shorter sentence, he could have limited his sentence to the 10 year mandatory minimum. With the benefit of hindsight, the court agrees with his assessment at the initial sentencing.

When Judge Murtha spoke at the second sentencing, he was explicit in his criticism of the excessive length of the combined sentence. The § 3553 factors no longer supported the court's sentence. Instead, it was driven by his obligation to impose an additional 5 years, consecutive to the conspiracy charge, without regard to the defendant's character or the judge's assessment of the nature of the offense. Judge Murtha thought the second sentence was too long. Again, the court agrees with his assessment.

4

Mr. Zullo has now served a length of time equivalent to the original sentence. His period of imprisonment to date is just short of 126 months. With good time, he has served longer in prison than the sentence originally imposed. The court agrees with Judge Murtha's original conclusion that a 126 month sentence adequately addresses the need for deterrence, punishment, and community safety. It has also provided sufficient time for Mr. Zullo to demonstrate his rehabilitation. In reaching this decision, the court has considered the mitigating factors relevant to section 3553. These include Mr. Zullo's age, his lack of a prior criminal record, and his good conduct on pre-trial release. None of these were in dispute at the original sentencing. The court has also considered the aggravating factors, similarly undisputed. These include Mr. Zullo's decision to carry a firearm during his drug activities as well as the number of guns the defendants accumulated and the duration and volume of the drug sales.

In granting the motion for compassionate release, the court finds that the reduction does no violence to the section 3553 factors which applied to the original sentence and to the sentence on remand.

The Government has filed a memorandum stating that it does not oppose Mr. Zullo's release (Doc. 1522).

## CONCLUSION

The court GRANTS defendant Jeremy Zullo's motion for compassionate release (Doc. 1442), effective December 22, 2020. He shall be subject to the conditions of supervision imposed at the time of resentencing. The court will issue an amended judgment.

Dated at Burlington, in the District of Vermont, this 21st day of December, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court